## CHARLES L. JOHNSON
vs.
## KILLARNEY SHOW-BOAT, INC.

Superior Court    New Haven County    File #42335

See, also, *Johnson vs. Killarney Show-boat,* 5 Conn. Sup. 255.

### MEMORANDUM FILED MARCH 5, 1938.

A. Oswald Pallman, of New Haven; Frank W. Flood, of New Haven, for the Plaintiff.

Samuel M. Gordon, of New Haven, for the Defendant.

BALDWIN, J. The Killarney Show-boat has again been hauled out and on to the ways of this court and she has been scraped and overhauled from stem to stern and from bilge to the top of the top-mast.

From the extensive files in the case it would appear that

during this receivership she could have caused no more headaches than she has—at least to the receiver—if she had run afoul of every rock and bar along the New England, New York and New Jersey coasts, for she has provided the object of attacks, almost comparable with those of the pirates of old, from the inception of this action to date, and a large part of this bar and nearly every judge on this bench has been concerned with some of these overhaulings.

The receiver, who was a stockholder in the owning corporation, and by far the largest of a long list of creditors, has, under the orders of the court, sold and retaken and resold and retaken the Show-boat over and again and extricated her from conditions under which she was in distress, because the would-be purchasers were equipped with more nerve and gall than with the means with which to attempt the purchase, during the economic times we have been going through, of a ship of the type and tonnage of this ship.

The receiver might have, on occasions piloted a somewhat different course for this receivership than that which he took, but the ultimate results could not have been substantially improved.  In addition to the loss of an investment of $2,000 in the stock of the owning corporation and a claim of over $9,000 against the corporation, as receiver he has expended from his private purse in excess of $7,000, and he hasn't a chance in the world of recovering a cent of that loss and expenditures nor will he receive any fee for acting as receiver.

This motion includes ten allegations of reasons for removal of the receiver, none of which the evidence supports.  The motion is therefore denied.

The receiver's final account is accepted and in the interests of all concerned, the receivership should now be terminated.